# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**DANNY W. BEASLEY,**
**Claimant Below, Petitioner**

vs.)    No. 20-0720 (BOR Appeal No. 2054861)
                (Claim No. 2015015488)

**SPARTAN MINING COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Danny W. Beasley, by Counsel Patrick K. Maroney, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Spartan Mining Company, by Counsel Sean Harter, filed a timely response.

The issue on appeal is permanent partial disability due to occupational noise-induced hearing loss. The claims administrator granted no permanent partial disability award on November 2, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its November 8, 2019, Order. The Order was affirmed by the Board of Review on August 18, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

1

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Beasley, a block foreman in a coal mine, completed a Report of Occupational Hearing Loss on November 17, 2014, in which he stated that his date of last exposure to loud noise was August 27, 2014. He retired on September 2, 2014. Mr. Beasley stated that he was exposed to equipment noise from 1970 through 2014. He was first made aware of a noise-induced hearing loss in 1999. The physician's section was completed by P.C. Corro, M.D. Dr. Corro found that Mr. Beasley had bilateral sensorineural hearing loss due to industrial noise exposure. He found 9.35% impairment based on high tone sensorineural hearing loss with a history of noise exposure.

David Phillips, M.D., performed a hearing loss evaluation on February 27, 2015, in which he found that an audiogram showed mild sloping to moderate high frequency hearing loss, worse in the right ear. Dr. Phillips compared the testing to an audiogram performed by Randy Walker, Au.D., on November 17, 2014. Dr. Phillips found significant variation between the tests at all frequencies and opined that the two tests differed so significantly that they are beyond the test-retest threshold of fifteen decibels. Dr. Phillips opined that if he were to calculate whole person impairment, he would have to use the bone conduction thresholds because Mr. Beasley has evidence of middle ear disease and conductive hearing loss, which is not attributable to occupational noise exposure. It was noted that Mr. Beasley's asymmetrical hearing loss could be attributed to his report of asymmetrical occupational noise exposure. Dr. Phillips found 0% whole person impairment due to occupational hearing loss. The claims administrator granted no permanent partial disability award for occupational hearing loss on March 17, 2015.

Mr. Beasley testified in a June 11, 2015, deposition that he worked in the coal mines from the time he was nineteen until he retired. Mr. Beasley stated that he hunted one week a year and used power tools briefly once every two to three months. Mr. Beasley testified that he noticed his hearing loss three years prior and that it was mostly in the left ear. Mr. Beasley stated that he did not use ear protection for occupational or nonoccupational noise exposure. In an August 3, 2016, Order, the Office of Judges reversed the March 17, 2015, claims administrator decision and remanded the claim for further audiometric testing.

In a November 17, 2016, hearing loss evaluation, Joseph Touma, M.D., diagnosed Mr. Beasley with noise effects on the inner ear bilaterally and mixed conductive sensorineural unspecified. It was noted that the audiogram performed that day was questionable. It showed bilateral sensorineural hearing loss with some additional loss in the left ear due to sclerotic changes. He found 7.75% whole person impairment attributable to noise exposure.

On March 9, 2017, Dr. Phillips wrote a letter in which he opined that three audiograms had been performed in the claim and none were within the range of test-retest viability. In the most recent audiogram, performed by Dr. Touma, Mr. Beasley was found to have 7.75% impairment based on four frequency totals of 175 decibels in the right ear and 260 in the left. In his February 27, 2015, audiogram, Dr. Phillips found ninety-five decibels in the right ear and 155 in the left ear. Dr. Phillips noted that Dr. Touma's audiogram was listed as fair and that it was noted on the test that it was questionable. Dr. Phillips opined that Dr. Touma's evaluation was not reliable. He asserted that his February 27, 2015, hearing loss evaluation was the most reliable assessment of Mr. Beasley's hearing loss impairment, which was 0%. On June 21, 2017, the claims administrator granted no permanent partial disability award for noise-induced hearing loss based on Dr. Phillips's March 9, 2017, letter. The Office of Judges reversed the June 21, 2017, claims administrator decision and remanded the claim for further audiometric testing on July 17, 2018.

Stephen Wetmore, M.D., performed a hearing loss evaluation on October 15, 2018, in which he reviewed the three audiograms of record. An audiogram was also performed in his office that day. He noted that Mr. Beasley's testing showed more hearing loss in the low tones than would be expected in a case of occupational noise exposure. Dr. Wetmore stated that Mr. Beasley's testing showed an air/bone gap that could be due to the stiff nature of Mr. Beasley's tympanic membranes. Dr. Wetmore opined that Mr. Beasley shows significant bilateral hearing loss but has mixed hearing loss compatible with stiff tympanic membranes. Dr. Wetmore opined that Mr. Beasley's hearing loss was not the result of occupational noise exposure due to the large low frequency hearing loss compared to the high frequency loss. He assessed 0% impairment for occupational noise exposure. Based on Dr. Wetmore's evaluation, the claims administrator granted no permanent partial disability award for noise-induced hearing loss on November 2, 2018.

The Office of Judges affirmed the claims administrator's decision granting no permanent partial disability award for noise-induced hearing loss in its November 8, 2019, Order. The Office of Judges concluded that the findings of Drs. Phillips and Wetmore are the most reliable of record. Dr. Phillips found evidence of middle ear disease and conductive hearing loss that is not attributable to occupational noise exposure and assessed 0% impairment. Dr. Phillips opined that Dr. Touma's audiogram was of fair reliability, and it was noted on the test that the results were questionable. Dr. Phillips stated that Dr. Touma's results were less reliable than the result obtained by his office on February 27, 2015. Further, Dr. Corro's evaluation was found to be beyond the test-retest viability. The Office of Judges noted that Dr. Wetmore found in his evaluation that Mr. Beasley has an air/bone gap indicative of stiff tympanic membranes. He opined that Mr. Beasley's hearing loss is not the result of occupational noise exposure. He also assessed 0% impairment. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 18, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The most reliable reports of record are those of Drs. Phillips and Wetmore, both of whom opined that Mr. Beasley has 0% impairment due to noise-induced hearing loss.

Affirmed.

**ISSUED: February 25, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats, sitting by temporary assignment.

4